IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHHERN DISTRICT OF INDIANA

**NAKEYA BAINES, BRENT GIVENS,**       Case No.
and **BRIANA RICE,**
on behalf of themselves and all others
similarly situated,

Plaintiffs,

    vs.

**BP AMERICA, INC.,**
A Foreign For-Profit Corporation**,**

Defendant.

---

## CLASS ACTION COMPLAINT AND JURY DEMAND

### INTRODUCTION

1. Plaintiffs, Nakeya Baines, Brent Givens and Briana Rice, on behalf of themselves and all others similarly situated, bring this putative class action against Defendant BP America, Inc. as a result of property damages suffered due to noxious odor emissions from Defendant's refinery asserting claims of private nuisance, public nuisance and negligence.

2. Defendant owns and operates the BP Whiting Refinery (hereinafter, the "Facility") located at 2815 Indianapolis Blvd, Whiting, IN 46394, which releases noxious odors onto Plaintiff's property, constituting a public and private nuisance and causing property damage.

### PARTIES

3. At all times relevant hereto, Plaintiff Nakeya Baines has resided and intends to remain at 3437 Elm St., East Chicago, Indiana. Plaintiff is a citizen of the State of Indiana and owns her property.

4. At all times relevant hereto, Plaintiff Brent Givens has resided and intends to remain at 3904 Catalpa St., East Chicago, Indiana. Plaintiff is a citizen of the State of Indiana and owns his property.

5. At all times relevant hereto, Plaintiff Briana Rice has resided and intends to remain at 2301 Broadway St., Apt. 202, East Chicago, Indiana. Plaintiff is a citizen of the State of Indiana and rents her apartment.

6. Defendant BP America, Inc. is a foreign for-profit corporation organized under the laws of Indiana with its principal place of business in Whiting, Indiana.

7. Defendant's corporate activities are directed, controlled, and coordinated from its headquarters in Houston, Texas.

8. Defendant, including its predecessors and agents, either constructed or directed the construction of the Facility and exercised control and ownership over the Facility at all times relevant hereto.

**9.** Upon information and belief, Defendant and its agents have, at all times relevant hereto, operated and maintained the Facility located at 2815 Indianapolis Blvd, Whiting, IN 46394.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this Action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) because there are 100 or more putative Class Members and the aggregate amount in controversy exceeds Five Million Dollars ($5,000,000) exclusive of interests and costs. Additionally, at least one, if not all, class members are a citizen of a different state from Defendant.

11. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2), because a substantial portion of the events or omissions giving rise to Plaintiffs' claims took place in this District, and because much, if not all, of the property that is the subject of this action is situated in this District.

12. Independent of and in addition to the original jurisdiction under CAFA, this Court has original jurisdiction over this Action under 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between the Parties and the amount in controversy exceeds $75,000.

## GENERAL ALLEGATIONS

13. Defendant owns and operates a 1,400-acre refinery located at 2815 Indianapolis Blvd, Whiting, IN 46394.

14. Defendant's business operations at the Facility processes crude oil into various liquid fuels and byproducts. According to Defendant's website, Defendant's Facility produces 440,000 barrels of crude oil per day.

15. Defendant's industrial processes at the Facility involve substantial pollutants, raw materials, and waste products that are highly odiferous.

16. A properly operated, maintained, and/or constructed Facility such as Defendant's will not emit noxious odors into the surrounding residential areas.

17. The raw materials utilized and waste products generated at the Facility are noxious and highly odiferous, and its processing operations create the foreseeable risk that noxious odor emissions could be emitted into surrounding residential communities if reasonable steps are not taken to mitigate and control them.

18. Defendant is required to control its odorous emissions by, among other things, properly treating odiferous waste products; utilizing adequate odor mitigation and control technologies at the Facility; effectively operating and maintaining its odor mitigation and control

techniques to prevent off-site odors; adequately storing and disposing of organic waste produced through its industrial processes to prevent off-site odors; and other reasonable odor mitigation, elimination, and control systems available to Defendant.

19. Defendant has, on occasions too numerous to list herein, emitted unreasonable noxious odors into the ambient air outside of the Facility's property boundary.

20. The noxious odors and emissions caused by Defendant's operation of the Facility have been and continue to be dispersed across all public and private land in the Class Area.

21. Defendant's emission control processes are inadequate, improperly maintained and operated, and fail to prevent noxious offsite odors from invading the private property of Plaintiffs and the Class.

22. Defendant has failed to properly construct, operate, and/or maintain its Facility to prevent offensive offsite odor emissions, despite knowledge that its Facility repeatedly and continually emits noxious odor emissions into the ambient air.

23. Defendant has failed to install, operate, maintain, and/or implement adequate odor mitigation and control strategies, processes, technologies, and/or equipment to control its odorous emissions from the Facility and prevent those odors and emissions from invading the homes and property of Plaintiffs and the putative Class.

24. Defendant's Facility is surrounded by residential properties.

25. On frequent, recurrent, and intermittent occasions too numerous to list individually, Plaintiffs' property, including Plaintiffs' neighborhood, residence, and outdoor spaces, have been and continue to be physically invaded by noxious odors.

26. The noxious odors that entered Plaintiffs' property originated from, and were caused by, Defendant's Facility.

27. Defendant's Facility and its noxious emissions have been the subject of frequent complaints from residents in the nearby residential area.

28. The Indiana Department of Environmental Management (IDEM) has received numerous complaints on its "Pollution Complaint" site regarding the odor emanating from Defendant's Facility:

   a. One complainant reported a "strong petroleum odor."

   b. One complainant reported that "It's terrible. You can't even breathe."

   c. One complainant reported that the strong burning smell "It smelled like sulfur, didn't smell like natural gas and almost smelled like an oily smell."

29. In addition, Plaintiff's Counsel has received numerous complaints directly from nearby residents concerning the offensive odor on their property originating from Defendant's Facility:

   a. Plaintiff Givens states that the noxious odors emitted from the Facility are so bad that he called NIPSCO to check for a gas leak.

   b. Plaintiff Baines states "The odor is do strong sometimes, it causes me headaches, unpleasant smell throughout the entire house, you can taste the gas it be so strong."

   c. Plaintiff Rice states "I developed asthma 2023 because of the odors of gas smell. I became very sic it horrible but I can't afford to move. I'm low income. I'm scared these smell always makes my asthma flare up and I have an attack. I never in my life felt like this."

   d. Putative Class Members Xavier and Floencia Zavala stated that they "we can't enjoy a cookout outside and my wife experiences headaches soon as she smell that certain odor similar to rotten egg in the air."

   e. Putative Class Members Henry Wilson, III and LaQuinta Battle reported that it's "Hard to inhale without gagging. Many times, it's hard to sit outside because of the smell. When it does happen can barely enjoy dinner with family or get a good nights rest since the smell is unbearable sometimes."

   f. Putative Class Member William Sharabaika stated that his "backyard is not usable due to smell" and that the odors cause his eyes to water and burn.

    g. Putative Class Member Ricardo Rivera stated that "Due to the Whiting Refinery odor, I was unable to go out into my yard and enjoy my garden. Also, due to the odor I was unable to go into my garage/workshop and tinker around."

30. Defendant's negligent and offensive conduct is further evidenced by the following:

    a. On May 17, 2023, the Environmental Protection Agency (EPA) found it necessary to sue the Defendant due to its chronic emissions and failure to abide by the terms of its permit. As a result of this litigation, the Defendant agreed to pay $31,424,000 in fines and penalties.

    b. In 2023, IDEM referred the Defendant to the EPA for enforcement for 35 violations that occurred in 2023.

    c. In 2024, IDEM referred Defendant to the EPA for enforcement for 135 violations that occurred in 2024.

    d. Defendant has received hundreds of violations arising from failure to abide by the terms of tis permit and its discharge of air pollution and noxious odors.

31. Defendant, its predecessors, and/or its agents either constructed or directed the construction of the Facility and Defendant exercises control and ownership over the Facility.

32. Despite clear knowledge of its odor emission problems, Defendant continued to frequently emit severe fugitive off-site odors into the ambient air beyond its property.

33. The foul odors emitted from the Facility are offensive, would be offensive to a reasonable person of ordinary health and sensibilities, and have caused property damages.

34. Defendant's noxious odor emissions have caused a substantial and unreasonable interference with Plaintiffs' use and enjoyment of his private property.

35. Plaintiffs' properties have been and continue to be physically invaded by noxious odors that have interfered with the use and enjoyment of their property, resulting in damages.

36. The Class Area is home to a wide range of commercial and recreational activities including but not limited to dining, industry, construction, retail trade, parks, and education.

37. Plaintiffs and the Class are a limited subset of individuals in East Chicago and the Class Area that includes only owner/occupants and renters of residential property who live within the Class Area and fit within the Class Definition. Plaintiffs and the putative Class are not coterminous with the general public.

38. Members of the public in the Class Area, including but not limited to businesses, employees, commuters, tourists, visitors, customers, clients, and students, have experienced and been harmed by the fugitive noxious odors emitted from the Facility into public spaces; however, unlike Plaintiffs and the Class, members of the public who are outside of the Class Definition have not suffered damages of the same kind, in the form of loss of use and enjoyment of their private property.

39. Plaintiffs and the Class have suffered damages different in kind that are not suffered by the public at large because their injury is an injury to private property.

40. The odors caused by Defendant's Facility have been and continue to be dispersed across public and private land throughout the Class Area.

41. Defendant negligently, knowingly, intentionally, and recklessly failed to properly design, operate, repair, and/or maintain the Facility and its associated operations, thereby causing the unreasonable invasion of Plaintiff's property by noxious odors on unusually severe, frequent, intermittent, and ongoing recurring occasions.

## CLASS ALLEGATIONS

a. **Definition of the Class**

42. Plaintiffs brings this action individually and on behalf of all persons as the Court may determine to be appropriate for class certification pursuant to Federal Rule of Civil Procedure 23.

43. Plaintiffs seek to represent a Class of persons preliminarily defined as:

*All owner/occupants and renters of residential property residing within two and a half (2-1/2) miles of the Facility's property boundary.*

This definitional boundary is subject to modification as discovery will disclose the location of all persons properly included in the Class ("Class Members"). Plaintiffs reserve the right to propose one or more subclasses if discovery reveals that such subclasses are appropriate.

44. This case is properly maintainable as a class action pursuant to and in accordance with Rule 23 of the Federal Rules of Civil Procedure in that:

   a. The Class which includes thousands of members, is so numerous that joinder of all members is impracticable;

   b. There are substantial questions of law and fact common to the Class including those set forth in greater particularity herein;

   c. Questions of law and fact such as those enumerated below, which are all common to the Class, predominate over any questions of law or fact affecting only individual members of the Class;

   d. The claims of the representative parties are typical of the claims of the Class;

   e. A class action is superior to any other type of action for the fair and efficient adjudication of the controversy;

   f. The relief sought in this class action will effectively and efficiently provide relief to all members of the Class;

   g. There are no unusual difficulties foreseen in the management of this class action; and

   h. Plaintiffs, whose claims are typical of those of the Class, through their experienced counsel, will zealously and adequately represent the Class.

**B. Numerosity**

45. The Class consists of thousands of members and therefore is so numerous that joinder is impracticable.

**C. Commonality**

46. Numerous common questions of law and fact exist between Plaintiffs and the Class, including, but not limited to:

    a. Whether and how Defendant negligently, knowingly, intentionally, and/or recklessly failed to design, operate, and maintain the Facility and its operations;

    b. whether Defendant owed any duties to Plaintiffs;

    c. which duties Defendant owed to Plaintiffs;

    d. which steps Defendant has and has not taken in order to control the emission of noxious odors through the construction, design, operation, and maintenance of its Facility and its respective operations;

    e. whether Defendant met its standard of care with respect to its construction, operation, design, and maintenance of the Facility and its operations;

    f. whether and to what extent the Facility's noxious odors were dispersed over the Class Area;

    g. whether it was reasonably foreseeable that Defendant's failure to properly construct, design, operate, and maintain the Facility and its operations would result in an invasion of Plaintiffs' property interests;

    h. whether the degree of harm suffered by Plaintiffs and the Class constitutes a substantial annoyance or interference; and

    i. the proper measure of damages incurred by Plaintiffs and the Class.

**D. Typicality**

47. Plaintiffs have the same interests in this matter as all the other members of the Class and his claims are typical of all members of the Class. If brought and prosecuted individually, the claims of each Class Member would require proof of many of the same material and substantive facts, utilize the same complex evidence including expert testimony, rely upon the same legal theories and seek the same type of relief.

48. The claims of Plaintiffs and the other Class Members have a common cause, and their damages are of the same type. The damages of Plaintiffs and the Class are different in kind than those suffered by other members of the broader community who do not hold private residential property interests. The claims originate from the same failure of the Defendant to properly design, operate, and maintain the Facility and its operations.

49. All Class Members have suffered injury in fact as a result of the invasion of their property by Defendant's release of noxious odors causing damage to their property.

### E. Adequacy of Representation

50. Plaintiffs' claims are sufficiently aligned with the interests of the absent Class Members to ensure that the Class's claims will be prosecuted with diligence and care by Plaintiffs as representative of the Class. Plaintiffs will fairly and adequately represent the interests of the Class and do not have interests adverse to the Class.

51. Plaintiffs have retained the services of counsel who are experienced in complex class action litigation, in particular class actions stemming from invasions of noxious industrial emissions. Plaintiffs' Counsel will vigorously prosecute this action and will otherwise protect and fairly and adequately represent Plaintiffs and all absent Class Members.

### F. Class Treatment is the Superior Method if Adjudication

52. A class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint because:

   a. Individual claims by the Class Members would be impracticable as the costs of pursuit would far exceed what any one Class Member has at stake;

   b. Little or no individual litigation has been commenced over the controversies alleged in this Complaint and individual Class Members are unlikely to have an interest in separately prosecuting and controlling individual actions;

      c.      The concentration of litigation of these claims in one action will achieve efficiency and promote judicial economy; and

      d.      The proposed class action is manageable.

53. The prosecution of separate actions by or against individual members of the Class would create the risk of (i) inconsistent or varying adjudications with respect to individual members of the Class, which could establish incompatible standards of conduct for the party opposing the Class; and (ii) adjudications with respect to individual members of the Class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

54. Notice can be provided to members of the Class by U.S. Mail and/or publication.

## CAUSE OF ACTION I

## PRIVATE NUISANCE

55. Plaintiffs restate all allegations of this Complaint as if fully restated herein.

56. The Defendant owed, and continues to owe, a duty to the Plaintiffs and to the Class to prevent and abate the unreasonable interference with, and the invasion of, their private property interests.

57. The noxious odors which entered the Plaintiffs' and Class's properties originated from the Facility, which was improperly and unreasonably constructed, maintained, and/or operated by the Defendant.

58. The noxious odors invading the Plaintiffs' and Class's properties are indecent and offensive to people with ordinary health and sensibilities, and they obstruct the free use of their properties so as to substantially and unreasonably interfere with the enjoyment of life and property. This includes but is not limited to:

A. Forcing the Plaintiffs and Class Members to remain inside their homes and forego the use of their yards, porches, and other spaces, and to generally refrain from outdoor activities;

B. Causing the Plaintiffs and Class Members to keep their doors and windows closed when they would otherwise have them open;

C. Depriving the Plaintiffs and Class Members of the value of their homes and properties; and

D. Causing the Plaintiffs and Class Members embarrassment, inconvenience, and discomfort including, but not limited to, creating a reluctance to invite guests to their homes and preventing the Plaintiffs and Class Members from utilizing the outdoor areas of their respective properties.

59. The Plaintiffs' and Class's properties are situated in such proximity to the Defendant's Facility as to constitute "neighboring" properties, in that they are near enough to be impacted by the tangible effects of noxious odors emitted from the Facility.

60. By constructing and then failing to reasonably repair, maintain, and operate the Facility, thereby causing noxious odors to physically invade the Plaintiffs' and Class's properties, the Defendant intentionally, knowingly, recklessly, and/or negligently created a nuisance that substantially and unreasonably interferes with the Plaintiffs' and Class's properties.

61. As a foreseeable, direct, and proximate result of the forgoing misconduct of the Defendant, the Plaintiffs and the Class suffered damages to their properties as alleged herein.

62. The Plaintiffs and Class Members did not consent to the invasion of their properties by the Defendant's noxious odors, which is ongoing, and which constitutes a nuisance.

63. Any social utility that is provided by the Facility is patently outweighed by the harm suffered by the Plaintiffs and the Class, who have on frequent occasions been deprived of the full

use and enjoyment of their properties and have endured substantial loss in the use and value of their properties.

64. The Defendant's substantial and unreasonable interference with the Plaintiffs' and Class's use and enjoyment of their properties constitutes a private nuisance. The Defendant is liable for all damages arising from such nuisance, including compensatory, injunctive, exemplary, and/or punitive relief.

## CAUSE OF ACTION II

## PUBLIC NUISANCE

65. Plaintiffs restate all allegations of this Complaint as if fully restated herein.

66. The Plaintiffs and Class utilize their properties as residences and reside within the Class Area.

67. The noxious odors which entered the Plaintiffs' and Class's properties originated from the Facility, which is in close proximity to the Class Area.

68. The unreasonable noxious odors emitted by the Defendant's Facility have been, and continue to be, dispersed across public and private land throughout the Class Area.

69. The Defendant's noxious odors have interfered with the public's right to unpolluted and uncontaminated air.

70. By failing to reasonably design, operate, repair, and maintain the Facility, the Defendant has caused an invasion of the Plaintiffs' and Class's properties by noxious odors on frequent occasions that are too numerous to individually list herein.

71. The noxious odors invading the Plaintiffs' and Class's properties are indecent and offensive to people with ordinary health and sensibilities. They obstruct the free use of the

Plaintiffs' and Class's properties so as to substantially and unreasonably interfere with the enjoyment of life and property. This includes, but is not limited to:

A. Forcing the Plaintiffs and Class Members to remain inside their homes and forego the use of their yards, porches, and other spaces, and to generally refrain from outdoor activities;

B. Causing the Plaintiffs and Class Members to keep their doors and windows closed when they would otherwise have them open;

C. Depriving the Plaintiffs and Class Members of the value of their homes and properties; and

D. Causing the Plaintiffs and Class Members embarrassment, inconvenience, and reluctance to invite guests to their homes.

72. As a foreseeable, direct, and proximate result of the forgoing misconduct by the Defendant, the Plaintiffs and the Class have suffered special damages to their properties as alleged herein.

73. The damages suffered by the Plaintiffs and Class are uniquely injurious to those parties because they suffer harm relating to the use and enjoyment of their lands and properties, and decreased property values, which are not harms suffered by the general public.

74. The general public is also impacted by the Facility's odors. Many members of the general public are impacted by the odors when they work, study, commute, shop, or engage in recreation in the Class Area, but they suffer no harm to the use and enjoyment of their land or property, or decreased property values.

75. The repeated, substantial, and unreasonable interferences with public and private rights have been documented by IDEM and the EPA, and the Facility's emission of noxious odors is contrary to Indiana environmental laws and regulations.

76. The Plaintiffs and Class Members did not consent to the invasion of their properties by the Defendant's noxious odors, which is ongoing, and which constitutes a nuisance.

77. By failing to reasonably operate, repair, and/or maintain the Facility so as to abate nuisances such as noxious odor emissions, the Defendant has acted, and continues to act, intentionally, knowingly, recklessly, and/or negligently, and with conscious disregard for public health, safety, peace, comfort, and convenience.

78. The Plaintiffs and Class suffered, and continue to suffer, harms and damages that are of a different kind and in addition to those suffered by the public at large.

79. Any social utility that is provided by the Facility is patently outweighed by the harm suffered by the Plaintiffs and the Class, who have on frequent occasions been deprived of the full use and enjoyment of their properties and have endured substantial loss in the use and value of their properties.

80. The Defendant's substantial and unreasonable interference with the Plaintiffs' and Class's use and enjoyment of their properties arises from a public nuisance, from which the Plaintiffs and Class Members have uniquely suffered. The Defendant is liable to the Plaintiffs and Class Members for all damages arising from such nuisance, including compensatory, injunctive, exemplary, and/or punitive relief.

## CAUSE OF ACTION III

### NEGLIGENCE

81. Plaintiffs restate the allegations of this Complaint as if fully restated herein.

82. The Defendant owed, and continues to owe, a duty to the Plaintiffs and to the Class to operate and maintain the Facility in a reasonable manner and to reasonably prevent fugitive emissions of noxious odors from the Facility.

83. The Defendant breached its duties by negligently and improperly maintaining and operating the Facility, which was the direct and proximate cause of the invasion by noxious odors upon the Plaintiffs' and Class's homes, lands, and properties on occasions too numerous to list individually.

84. Such invasions by noxious odors were the foreseeable result of the foregoing conduct of the Defendant, and the Plaintiffs and Class suffered damages to their properties as alleged herein. Such damages include, but are not limited to, the loss of use and enjoyment of their properties and the diminution of property values.

85. By failing to properly maintain and operate the Facility, the Defendant failed to exercise the duty of ordinary care and diligence.

86. The Defendant knowingly, recklessly, and with a conscious disregard for the rights of the Plaintiffs and Class allowed conditions to exist and perpetuate which caused noxious odors to physically invade the Plaintiffs' and Class's properties.

87. The Defendant's negligence caused harm to the Plaintiffs' and Class's properties, which entitles the Plaintiffs and Class to an award for compensatory, injunctive, exemplary, and/or punitive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs, individually and on behalf of the proposed Class, pray for judgment as follows:

A. Certification of the proposed Class by order pursuant to Federal Rule of Civil Procedure 23;

B. Designation of the Plaintiffs as representatives of the proposed Class and designation of their counsel as Class Counsel;

C. Judgment in favor of the Plaintiffs and the Class Members as against the Defendant;

D. An award to the Plaintiffs and the Class Members for compensatory and punitive damages, including pre- and post-judgement interest;

E. An award of attorneys' fees and costs, including pre- and post-judgement interest;

F. An Order holding that the entrance of the aforementioned noxious odors upon the Plaintiffs' and Class's properties constituted a nuisance;

G. An Order holding that the Defendant was negligent in causing noxious odors to repeatedly invade and interfere with the Plaintiff's and Class's private residential properties;

H. An award to the Plaintiffs and the Class Members for injunctive relief not inconsistent with the Defendant's state and federal regulatory obligations; and

I. Such further relief, both general and specific, that this Honorable Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues raised in this Complaint.

| | |
|---|---|
| */s/ Richard A. Cook* | */s/ Steven D. Liddle\** |
| Atty. No. 3996-45 | Steven D. Liddle* |
| RICH COOK LAW, LLC | Laura L. Sheets* |
| 9165 Otis Ave., Ste. 235 | D. Reed Solt* |
| Indianapolis, IN 46216 | LIDDLE SHEETS PC |
| P: 317-324-8828 | 975 E. Jefferson Ave. |
| F: 317-342-3071 | Detroit, MI 48207 |
| rcook@richcooklaw.com | (313) 392-0015 |
| acook@richcooklaw.com (Paralegal) | sliddle@lsccounsel.com |
| *Attorney for Plaintiffs* | lsheets@lsccounsel.com |
| | rsolt@lsccounsel.com |
| | *\*Pro Hac Vice Motions to be submitted* |
| | *Attorneys for Plaintiffs* |