**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| NAKEYA BAINES, BRENT GIVENS, and BRIANA RICE, on behalf of themselves and all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Cause No. 2:25-CV-269-PPS-AZ |
| BP PRODUCTS NORTH AMERICA, INC., | ) ) ) | |
| Defendant. | ) ) | |

**OPINION AND ORDER**

Nakeya Baines, Brent Givens, and Briana Rice filed a class action complaint

alleging that BP Products North America, Inc.'s Whiting, Indiana oil refinery emits

noxious odor that causes property damage. This case is in its early stages and Plaintiffs

have not yet had the benefit of discovery to aid them in the inevitable fight over class

certification. But BP seeks to stop the fight before the first punch is thrown by moving to

strike Plaintiffs' class allegations. Plaintiffs have presented plausible factual allegations

that, with the benefit of discovery, could later justify class certification. There is work to

be done for sure, but Plaintiffs' class allegations are sufficient to survive what is

effectively a motion to dismiss.

**Background**

Plaintiffs filed the operative First Amended Complaint on August 20, 2025. [DE

21.] BP owns and operates a 1,400-acre oil refinery in Whiting, Indiana that it uses to

1

process crude oil. [*Id.* at ¶¶13–14.] This process creates various raw materials, pollutants, and waste products that BP is required to treat, store, and minimize. [*Id.* at ¶¶15, 18.] Plaintiffs allege that one of the released byproducts are unreasonable noxious odors that disturb and interfere with the enjoyment of their properties. [*Id.* at ¶¶19–20, 34–35.] Plaintiffs assert three Indiana state law claims: private nuisance, public nuisance, and negligence.

Plaintiffs seek to represent a class of individuals preliminarily defined as "[a]ll owner/occupants and renters of residential property residing within two and a half (2-1/2) miles of the [Whiting] Facility's property boundary." [*Id.* at ¶43.] Plaintiffs further allege that the class consists of "a limited subset of individuals in East Chicago and the Class Area that includes only owner/occupants and renters of residential property who live within the Class Area and fit within the Class Definition." [*Id.* at ¶37.] Plaintiffs expressly reserved the right to modify the location of persons included in their proposed class. [*Id.* at ¶43.] In support of their proposed class, Plaintiffs include allegations specific to each requirement of Rule 23 of the Federal Rules of Civil Procedure. [*Id.* at ¶¶44–54.] These requirements and Plaintiffs' allegations are discussed further below.

## Discussion

As background, I'll first cover the familiar Rule 23 factors that govern class actions. To achieve certification, a proposed class must satisfy the Rule 23(a) requirements of numerosity, typicality, commonality, and adequacy of representation. *Messner v. Northshore Univ. Health Sys.*, 669 F.3d 802, 811 (7th Cir. 2012). Plaintiffs must

2

then satisfy one of the three requirements of Rule 23(b). *Id.* Here, it appears Plaintiffs seek eventual certification under Rule 23(b), which will require they show "(1) that the questions of law or fact common to the members of the proposed class predominate over questions affecting only individual class members; and (2) that a class action is superior to other available methods of resolving the controversy." *Id.* Finally, courts recognize an implicit requirement in Rule 23 that the class "must be defined clearly and that membership be defined by objective criteria rather than by, for example, a class member's state of mind." *Mullins v. Direct Dig., LLC*, 795 F.3d 654, 657 (7th Cir. 2015). This is referred to as the "ascertainability" requirement. *Id.* at 672.

But recall there has not been a motion for class certification filed as of yet—there are only class *allegations* in a complaint. BP seeks to upend the normal process and strike Plaintiffs' class allegations based on the pleadings in their First Amended Complaint. It is true there is a procedural mechanism under Rule 23(d)(1)(D) that permits courts to enter orders that "require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly[.]" Fed. R. Civ. P. 23(d)(1)(D). This has come to be known as "striking the class allegations." However, such "motions to strike class allegations are generally regarded as premature because the shape and form of the class is to be given time to evolve through discovery." *DuRocher v. Nat. Collegiate Athletic Ass'n*, No. 1:13–cv–01570–SEB–DML, 2015 WL 1505675, at *4 (S.D. Ind. Mar. 31, 2015). In other words, it should only be employed in cases where it is apparent from the face of the complaint that the class allegations are "facially and inherently deficient." *See Wilkes v. CareSource Mgmt. Grp. Co.*, 4:16-CV-038

3

JD, 2016 WL 7179298, at *6 (N.D. Ind. Dec. 9, 2016) (citation omitted). The problem is that these motions often put the cart before the horse and cut off the normally fact intensive process required to evaluate the merits of class certification. As one judge put it, "these issues are better raised after the parties have had an opportunity to conduct class discovery and fully brief the motion for class certification." *De Falco v. Vibram USA, Inc.*, No. 12 C 7238, 2013 WL 1122825, at *9 (N.D. Ill. Mar. 18, 2013). I agree.

As BP acknowledges, district courts within the Seventh Circuit have recently coalesced around the position that "where the plaintiffs have not yet had the benefit of class discovery, the defendant 'bears the burden of proving that the proposed class is not certifiable.'" *Womick v. Kroger Co.*, No. 21-CV-00574-NJR, 2022 WL 1266630, at *2 (S.D. Ill. Apr. 28, 2022) (quoting *Kurt v. Platinum Supplemental Ins., Inc.*, No. 19 C 4520, 2021 WL 3109667, at *13 (N.D. Ill. July 22, 2021)). This is entirely sensible. After all, BP is the party seeking action from the Court. It *should* be BP's burden. Thus, in the present procedural posture, BP bears the burden of proving that Plaintiffs' class allegations are facially deficient. In attempting to doing so, BP ignores this procedural posture and cleverly attempts to flip the script by pointing to class certification rulings across the country in similar noxious odor cases. The courts in BP's cited cases denied class certification for a variety of Rule 23 deficiencies. But the plaintiffs in those cases at least had the opportunity to take some discovery before seeking class certification. By jumping the gun, BP is attempting to upend this case in its infancy.

Take the case of *Brown v. WellPet LLC*, 3:21-cv-00576-HAB-SLC, 2023 WL 3483935 (N.D. Ind. Mar. 31, 2023), *report and recommendation adopted*, 3:21-cv-00576-HAB-SLC,

2023 WL 3018313 (N.D. Ind. Apr. 20, 2023), which BP relies heavily on. It was before the court on a motion for class certification, not a motion to strike class allegations. In either event, BP prophesizes that the denial of class certification in *WellPet* demonstrates that Plaintiffs' class allegations will fail for the same reasons. In *WellPet,* the plaintiff brought the same Indiana state law claims alleged here of private nuisance, public nuisance, and negligence related to alleged noxious odors emitted by a pet food manufacturing plant located within one mile of his home. 2023 WL 3483935, at *1. As is the usual process, and unlike this case, the plaintiff conducted class discovery, prepared an expert report, and moved to certify a class consisting of approximately 2,100 households within a defined geographic area near the plant. *Id.* at *2, *5. Just like our case, the complaint initially defined the class as "[a]ll owners/occupants and renters of residential property within one mile (1.0) of the Facility property boundary." *Id.* at *3.

The court denied the plaintiff's motion for class certification without prejudice. In doing so, however, the court found several requirements of class certification satisfied. It found plaintiff satisfied the Rule 23(a) requirements of numerosity, commonality, and typicality. *Id.* at *22–24. The court determined the plaintiff failed to present evidence to satisfy the ascertainability requirement, Rule 23(a) requirement of adequacy of representation, or the predominance and superiority requirements for a Rule 23(b)(3) class action. *Id.* at *20–21, *24–27.

Concerning ascertainability, the court faulted the failure of plaintiff's expert to perform air quality dispersion modeling (often referred to as AERMOD analysis in reference to a particular modeling system). *Id.* at *20. As a result, the court found the

5

plaintiff's expert failed to define the class by objective criteria because there was no connection between the proposed class area and the odors released from the facility. *Id.* The court also faulted the plaintiff's failure to define the temporal scope of the proposed class. *Id.* at *21. The court did not suggest that the plaintiff's proposed class was incapable of satisfying the ascertainability requirement. To the contrary, the court noted the plaintiff's failure to demonstrate ascertainability was "largely based on his decision to forego conducting any preliminary scientific testing during the class certification phase[.]" *Id.*

Concerning the Rule 23(a) requirement of adequacy of representation, the court voiced concern over the tenant plaintiff's ability to represent class members who owned their property. *Id.* at *24. The complaint sought two types of damages for proposed class members: (1) interference with the ability to use and enjoy property; and (2) diminished property values. *Id.* More than 70% of the respondents to plaintiff's counsel's surveys of the proposed class area owned their property. *Id.* The plaintiff was the sole proposed class representative, so the court was unsure whether his status as a renter meant he had any incentive to seek damages for diminished property value. *Id.*

The plaintiff's failure to offer preliminary scientific evidence connecting emissions to the proposed class also doomed the plaintiff's attempts to satisfy Rule 23(b)(3)'s requirements of predominance and superiority. For predominance, the plaintiff relied solely on survey responses concerning the alleged odor. *Id.* at *25. The court explained that these data sheets were subjective and noted how the plaintiff failed to acknowledge at least one other potential source of odor near the proposed class area.

6

*Id.* The court explained that the plaintiff bore the burden of producing something more than class members' wholly subjective beliefs that their property was affected by the emissions. *Id.* at *26. In addition, the court found the plaintiff failed to answer questions concerning whether the odors were strong enough to interfere with individual class members' property and cause individual damages. *Id.*

The court found many of the factors of superiority weighed in favor of the plaintiff, but the plaintiff's failure to show predominance spilled over into the superiority analysis. Once more, the court critiqued the plaintiff's lack of preliminary scientific evidence, this time finding that this failure meant the plaintiff had not shown that the liability issue was common to the class and could be "resolved in one stroke." *Id.* at *27 (citation omitted).

With *WellPet LLC* as a guide, I have little trouble concluding that Plaintiffs' class allegations concerning numerosity, commonality, and typicality are easily sufficient to survive a motion to strike. Plaintiffs assert near identical allegations here and have not yet had the benefit of fleshing them out in discovery. Plaintiffs' First Amended Complaint also includes allegations that suggest they could satisfy the remaining Rule 23(a) requirement of adequacy of representation. Unlike the sole plaintiff in *WellPet LLC*, Plaintiffs here include both renters and owners of property in the proposed class area. [DE 21 at ¶¶3–5.] BP's adequacy argument relies entirely on its argument for commonality and typicality, which as noted above the Court finds unpersuasive.

Plaintiffs' allegations concerning ascertainability and the Rule 23(b)(3) requirements are also sufficient to survive the motion to strike. In *WellPet LLC*, the court

determined the plaintiff had failed to satisfy these requirements largely because of the lack of objective, scientific analysis of air quality dispersion modeling. Plaintiffs had no duty to include such analysis in their First Amended Complaint, and class discovery would afford them the opportunity to flesh out their theories. Indeed, as Plaintiffs note, it would be extremely difficult for them to provide such scientific analysis without the benefit of targeted discovery into BP's operations. Discovery may well permit Plaintiffs to adequately tailor the geographic and temporal scope of their proposed class, which is likely overbroad in its current form.

This same reasoning applies to Plaintiffs' pleadings concerning the Rule 23(b)(3) requirements of predominance and superiority. BP has not met its burden to show that the First Amended Complaint contains *no possible set of facts* which could justify certification under Rule 23(b)(3). It is true that there may be other sources of odors within the proposed class area, and proposed class members' subjective beliefs on odor and its impact on their property might be insufficient to carry the day on predominance. But all I need to ask at this point is whether it is plausible that BP is the sole or contributing source of the noxious odors. If it is, then common questions will predominate, and the class action device will be a superior method for adjudicating this case. Only discovery can let us know one way or the other.

In closing, the *WellPet LLC* court opined that the plaintiff "could potentially cure [the identified deficiencies in class certification] by submitting AERMOD simulations, or some other preliminary testing, and class area based on that information[.]" *2023 WL 3483935*, at *28 (citation omitted). The same holds true here (indeed, doubly so) because

Plaintiffs have not even had the benefit of class discovery. It may be true that if today I were evaluating the merits of Plaintiffs' proposed class on a motion for class certification, the motion would likely fail based on the current record and proposed class definition. But that's not the present procedural posture. For now, what I can say with certainty when considering BP's motion to strike is that Plaintiffs' class theories are not dead-on arrival.

### Conclusion

Accordingly, BP Products North America, Inc.'s Motion to Strike Plaintiffs' Class Allegations [DE 22] is **DENIED**. This case should proceed to discovery on Plaintiffs' class allegation claims.

**SO ORDERED.**

ENTERED: April 8, 2026.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT